Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant
ARIZONA BEVERAGES USA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>Defendant. | Case No.: 2:22-cv-22923<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

     PLEASE TAKE NOTICE that defendant, Arizona Beverages USA LLC ("Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and respectfully states:

1. On January 7, 2022, plaintiff, Michael Dotson ("Plaintiff"), commenced this putative class action against Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, bearing Case No. 22STCV00751.

2. As more fully set out below, this case is being properly removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and said Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. The Summons and Complaint were served on Defendant on January 12, 2022. See Service of Process Transmittal Form attached as Exhibit A. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California, County of Los Angeles, is located within the Central District of California. Therefore, venue is proper within the Central District of California pursuant to 28 U.S.C. § 110 and 28 U.S.C. § 1441 because said district is the district and division embracing the place where such action is pending.

5. No previous application has been made for the relief requested herein.

6. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the Defendant, which papers include the Summons and

Complaint, is attached as Exhibit B. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

7. This case is subject to removal pursuant the Class Action Fairness Act ("CAFA") (codified in various sections of 28 U.S.C. including 28 U.S.C. § 1332).

8. As set forth below, this is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) any member of the proposed class of plaintiffs is a citizen of a state different from the citizenship of Defendant; and (3) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000.00) in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. Class Action Consisting of More Than 100 Members.

9. In the Complaint, Plaintiff purports to represent a nationwide class of all purchasers of Defendant's Georgia Peach Green Tea with ginseng and peach juice products (defined as the "Products") who purchased the Products within four years prior to filing this action. (Ex. B, Complaint, ¶¶ 9 and 29). Plaintiff also proposes to represent a sub-class of persons who purchased the Products within the State of California during the last four years. (*Id.*, Complaint, ¶ 30).

10. Plaintiff alleges that "the Class and Sub-Class include thousands, if not millions of members." (*Id.*, Complaint, ¶ 32).

### B. Diversity of Citizenship.

11. Plaintiff is a resident of the State of California. (*Id.*, Complaint, ¶ 5). Plaintiff does not allege any alternative state of residence. Accordingly, California is the state in which Plaintiff is domiciled and, therefore, the state in which

Plaintiff is a citizen.

12. Defendant is a limited liability company organized in the State of New York.

13. All of the members of Defendant are citizens of the State of New York making Defendant a citizen of the State of New York. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)

### C.      The Amount-In-Controversy Requirement Is Satisfied.

15. Plaintiff alleges that Defendant falsely, fraudulently and deceptively labels and advertises the Products as "100% NATURAL" because the Products contain malic acid, an ingredient that Plaintiff asserts is synthetic.  (Ex. B, Complaint, ¶¶ 1, 9, 24 and 48).

16. Plaintiff seeks a judgment for damages and injunctive relief along with other legal or equitable remedies.  (*Id*., Complaint, ¶¶ 1 and 103(a)-(h)).

17. Plaintiff alleges that "[a]s a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm which include…: Lost money…". (*Id*., Complaint, ¶ 28a.).

18. Plaintiff claims that Defendant violated the California False Advertising Act, under Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"), and the California Unfair Business Practices Act, under Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL").  (*Id*., Complaint, ¶¶ 42-71).

19. Plaintiff claims being "entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members [sic] Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable." (Ex. B, Complaint, ¶ 53).

20. Plaintiff, on behalf of himself, the Class and Sub-Class, seeks relief in the form of a judgment awarding: "Actual damages suffered by Plaintiff and Class and Sub-Class Members as applicable or full restitution of all funds acquired from

Plaintiff and Class and Sub-Class Members from the sale of misbranded Class Products during the relevant class period" (*Id*., Complaint, ¶ 103 (c)); "Punitive damages, as allowable, in an amount determined by the Court or jury" (*Id.*, Complaint, ¶ 103(d)); any and all statutory enhanced damages (*Id.*, Complaint, ¶ 103(e)); and attorneys' fees. (*Id.*, Complaint, ¶ 103(f)).

21. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d)(6). Under this aggregated standard, Plaintiff's claim manifestly meets the jurisdictional threshold.

22. Plaintiff sues on behalf of "[a]ll persons within the United States who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification" and on behalf of "[a]ll persons within California who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification." (Ex. B, Complaint, ¶ 29 and 30).

23. Plaintiff seeks a judgment awarding Plaintiff and members of the nationwide class restitution for all such sales. (*Id*., Complaint, ¶ 53, and Prayer for Relief, at p. 16, ¶ 103(c)). Plaintiff also sues for disgorgement. (*Id*., Complaint, ¶ 53).

24. Additionally, Plaintiff seeks injunctive relief in the form of enjoining the Defendant from labeling and advertising the Products as "100% NATURAL" and/or requiring Defendant to engage in corrective advertising. (*Id*., Complaint, ¶ 1, ¶ 71 and Prayer for Relief, at p. 16, ¶ 103(b)). Plaintiff also alleges future harm if Defendant is not "forced to correct fraudulent labeling or remove the synthetic ingredients." (*Id*., Complaint, ¶ 20). "The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant." *See Anderson v. Seaworld Parks and Entertainment, Inc.,* 132 F.Supp.3d 1156, 1161 (N.D. Cal. 2015). According to the legislative history of

CAFA, the value of any injunctive relief sought by the plaintiff is calculated from the perspective of the plaintiff or the defendant. See, *e.g.* S.REP. No. 109-14, at 42 (2005) ("the Committee intends that a matter be subject to federal jurisdiction under [28 U.S.C. 1332(d)(6)] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)"). Moreover, since CAFA explicitly requires the aggregation of claims in class actions for determining the amount in controversy, 28 U.S.C. 1332(d)(6), the pre-CAFA concern "that assessing the amount in controversy from the defendant's perspective was tantamount to aggregating damages" is no longer relevant. *Id*. at 43. Here, the economic costs to Defendant because of the injunctive relief would be enormous due to the expenses incurred for stopping production and distribution, retrieving and/or buying back the Products already in commerce, removing ingredients from the Products, changing labels and/or engaging in the corrective advertising, all on a nationwide basis.

25. Plaintiff purports to bring this action on behalf of all consumers of the disputed Products throughout the United States. Taken in the aggregate, the amount in controversy exceeds five million dollars ($5,000,000.00) given: (a) the breadth of this proposed class (asserted to be thousands, if not millions, of persons throughout the country); (b) the damages sought by each such individual of the putative classes including the "[a]ctual damages suffered by Plaintiff and Class and Sub-Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class and Sub-Class Members from the sale of misbranded Class Products during the relevant class period" (Ex. B, Complaint, ¶ 103(c)); (c) the claim for disgorgement; (d) the punitive damages sought; (e) the claim for counsel fees; and (f) the economic costs to Defendant should Plaintiff and the putative classes succeed in enjoining Defendant from selling the Products, as labeled, in the United States and/or ordering Defendant to correct allegedly false labels, to

remove allegedly synthetic ingredients from the Products and/or to engage in corrective advertising all on a nationwide basis.  It is respectfully submitted that the jurisdictional threshold has been satisfied.

26. Finally, "Congress intended CAFA to be interpreted expansively." *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing to S.Rep No. 109-14, at 42).  CAFA's legislative history sets forth that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  See, *e.g.*, S.REP. No. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id*. at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"); *id*. at 27 ("the Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1441.

Dated:  February 10, 2022          WILLENKEN LLP

By: */s/ Jason H. Wilson*
Jason H. Wilson
Attorneys for Defendant
ARIZONA BEVERAGES USA LLC