Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (610) 371-7938

Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

*Attorneys for Defendant,*
*ARIZONA BEVERAGES USA LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>Defendant. | No. 2:22-CV-00923 SVW (MAAx)<br><br>DEFENDANT'S ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant, Arizona Beverages USA LLC ("ABU" or "Defendant"), through its undersigned counsel, hereby answers Plaintiff's Third Amended Class Action Complaint (Doc. No. 47, "Complaint") as follows:

-1-
DEFENDANT'S ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT
AND AFFIRMATIVE DEFENSES

1. Defendant denies any and all claims for liability including, but not limited to, all claims for violations of state-wide consumer protection statutes, and for any illegal, deceptive, unlawful and unfair practices. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2. Plaintiff's allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3. Plaintiff's allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that it markets and sells beverages. Defendant

-2-

denies the remainder of the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that it markets and sells beverages, throughout California and the United States, that include the name "AriZona" on the label. Defendant denies the remainder of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies all the allegations in paragraph 8 of the Complaint that are premised upon an unspecified "Class Period" as alleged. Subject to that denial, Defendant admits that the product referenced in the Complaint, "Georgia Peach Green Tea With Ginseng & Peach Juice" ("the Product"), was labeled "100% Natural" and contained dl-malic acid. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint including, but not limited to, the allegations that the Product contained synthetic ingredients.

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a

-3-

belief about the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits that the "photos" referenced at paragraph 23 of the Complaint contain portions of the label of the Product. Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 24 of the Complaint. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the

-5-

Complaint.

26. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 and all

subparts including paragraphs 35(a)-(c) of the Complaint.

36. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 and all subparts including paragraphs 41(a)-(h) of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

-7-

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

### PLAINTIFF'S FIRST CAUSE OF ACTION
### (Violations of the California False Advertising Act)

49. Defendant repeats and reasserts its answers to the previous allegations as if fully set forth herein at length.

50. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the Complaint.

51. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the

-8-

Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violation of the California Unfair Business Practices Act)

61. Defendant repeats and reasserts its answers to the previous allegations as if fully set forth herein at length.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

08/15/2022 SL1 1799666v1 115260.00006

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 69 of the Complaint.

70. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

### PLAINTIFF'S THIRD CAUSE OF ACTION
### (Violation of the California Consumer Legal Remedies Act)

79. Defendant repeats and reasserts its answers to the previous allegations as if fully set forth herein at length.

80. Defendant denies the allegations contained in paragraph 80 and all subparts including paragraphs 80(a)-(e) of the Complaint.

08/15/2022 SL1 1799666v1 115260.00006

81.  Defendant admits receiving a letter from Plaintiff's counsel dated January 7, 2022. Defendant denies the remainder of the allegations contained in paragraph 81 of the Complaint including, but not limited to, all allegations concerning the contents of that letter.

82.  [Misnumbered paragraph 74, under the heading, "Miscellaneous," in the Complaint]. Defendant denies the allegations contained in paragraph 74 of the Complaint.

83.  [Misnumbered paragraph 75, under the heading, "Request for Jury Trial," in the Complaint]. Plaintiff's allegations in paragraph 75 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Complaint.

84.  [Misnumbered paragraph 76, in the section "Prayer for Relief, in the Complaint]. Defendant denies all allegations and claims for relief contained in paragraph 76 and all subparts including paragraph 76(a)-(h) of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Claim)

1.  The Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against

-12-

Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Plaintiff's claims are time-barred to the extent that the alleged conduct took place outside of the applicable limitations periods, which vary by claim.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Plaintiff and the putative classes he purports to represent are estopped by their conduct or that of their agent(s), from recovering any relief by the Complaint or any purported claim or cause of action contained therein.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4. By their conduct, Plaintiff and the putative classes he purports to represent have waived any right to recover any relief sought in the Complaint, or any purported claim or cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. The Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

6. Some or all of Plaintiff's claims and causes of action are barred by the doctrine of primary jurisdiction in that the Plaintiff's claims raise issues that

should be addressed in the first instance by the United States Food and Drug Administration.

### SEVENTH AFFIRMATIVE DEFENSE
### (Preemption)

7. Some or all of Plaintiff's claims and causes of action are preempted by applicable federal law and/or federal regulations.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

8. Plaintiff and some or all of the putative classes he purports to represent lack standing to assert the claims or causes of action asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

9. Some or all of the Plaintiff's claims and causes of action are barred by the safe harbor doctrine.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of CLRA Notice)

10. Some or all of the Plaintiff's claims and causes of action are barred because of the failure to furnish notice as required under the Cal. Civ. Code § 1782.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith under Cal Civ. Code § 1782)

11. Some or all of the Plaintiff's claims and causes of action are barred

-14-

under the defense of good faith set forth in Cal Civ. Code § 1782(e).

**TWELTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

12. The claims or causes of action of Plaintiff, which seek equitable remedies and/or injunctive relief, are barred in light of the fact that Plaintiff has an pled an adequate remedy at law exists.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

13. Any conduct or actions undertaken by or on behalf of Defendant regarding the allegations in the Complaint, if any, were undertaken in good faith, were reasonable, and lacked malice.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Superseding or Intervening Cause)**

14. Defendant is informed and believes, and thereon alleges, that any and all damages, if any, sustained by Plaintiff were proximately caused, contributed to or aggravated by the acts or omissions of Plaintiff, or other persons or entities for which Defendant is neither responsible nor liable. Said acts or omissions were an intervening and/or superseding cause of damages, if any, thus barring Plaintiff from any recovery against Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(To the Extent Sought, Punitive Damages Are Not Recoverable)**

15. Plaintiff's Complaint, to the extent that it seeks punitive or exemplary

-15-

damages, violates Defendant's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and therefore fails to state a claim upon which either punitive or exemplary damages can be awarded.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

16. Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Voluntary Payment)**

17. Plaintiff's claims are barred by the doctrine of voluntary payment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Conduct Not Unfair)**

Some or all of Plaintiff's claims and causes of action are barred because Defendant's conduct was not unfair.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Conduct Not Misleading and/or Fraudulent)**

Some or all of Plaintiff's claims and causes of action are barred because the conduct alleged was not likely to mislead and/or was not fraudulent.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Reservation of Defenses)**

18. Defendant has insufficient information available upon which to form

a belief as to whether it has available additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant demands judgment as follows:

1. That Plaintiff and the putative classes take nothing by their Complaint;

2. That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That Defendant recovers its costs of suit herein, including their reasonable attorneys' fees as allowed by law or statute; and

5. That the Court award such other and further relief as it deems appropriate.

Dated: August 15, 2022

/s/ Robert P. Donovan
ROBERT P. DONOVAN

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761

-and-

08/15/2022 SL1 1799666v1 115260.00006

WILLENKEN LLP
Jason H. Wilson, Esq. (ID No. 140269)
Kirby Hsu, Esq. (ID No. 312535)
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone No.: (213) 955-8020
Facsimile No.: (213) 955-9250
jwilson@willenken.com
khsu@willenken.com

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the above document with the United States District Court for the Central District of California by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

Dated: August 15, 2022

/s/ Robert P. Donovan
ROBERT P. DONOVAN

-18-

08/15/2022 SL1 1799666v1 115260.00006